UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SDS PETROLEUM CONSULTANTS, LLC** | **CIVIL ACTION 3:19-CV-00963** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MATTHEW GIVENS** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is Plaintiff SDS Petroleum Consultants, LLC's ("SDS") Motion for Default Judgment [Doc. No. 8]. Defendant Matthew Givens ("Givens") filed a Response [Doc. No. 10]. For the following reasons, this proceeding is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, and the Motion for Default Judgment [Doc. No. 8] is DENIED AS MOOT.

**I.  FACTS AND PROCEDURAL HISTORY**

On July 25, 2019, SDS, a Texas limited liability company, filed its Complaint against Givens, a domiciliary of Richland Parish, Louisiana. SDS alleges that, beginning in April 2018, Givens performed work for SDS as an independent contractor; that SDS paid Givens in full for all work performed by him; that on May 22, 2019, while attempting to make payment to one of its contract vendors other than Givens, SDS mistakenly and inadvertently made a direct deposit in the amount of $23,475.00 into the bank account of Givens; and that Givens has refused to return the payment [Doc. No. 1, p. 2].

SDS contends that this inadvertent direct deposit constitutes payment of a thing not owed under LA. CIVIL CODE art. 2300, and, that Givens is legally bound to return the payment to SDS

in accordance with LA. CIVIL CODE art. 2299 [*Id*., p. 3].

SDS asserts that, despite all attempts to amicably resolve this matter, Givens has refused to return the payment and that Givens was in bad faith in receiving payment of a thing not owed and in his continued refusal to refund payment [*Id*., p. 4].  SDS further asserts that Givens' bad faith and failure to return payment amounts to a deceptive and "unfair" act in commerce as defined under LA. REV. STAT. 15:1401, *et seq*., commonly referred to as the Louisiana Unfair Trade Practices Act (the "LUTPA").  SDS seeks all applicable damages, as well as attorney's fees prescribed by the LUTPA.

SDS filed its Summons and Original Complaint in this matter on July 25, 2019, alleging diversity jurisdiction [Doc. No. 1].  On July 30, 2019, SDS served upon Givens, via domiciliary service upon his spouse, the Summons and Original Complaint at his home address in Rayville, Louisiana. The deadline for Givens to file responsive pleadings to the Original Complaint was August 20, 2019.  Notice of Entry of Default was given on August 23, 2019 [Doc. No. 7].  The pending Motion for Default Judgment was filed on September 9, 2019 [Doc. No. 8].

On September 19, 2019, Givens filed a response in which he indicates that he thought the unexpected $23,475 direct deposit into his account was a "blessing," but that he would be happy to repay the money if some sort of payment arrangement or plan can be resolved [Doc. No. 10].

After examining the record, the Court became concerned that the amount-in-controversy requirement may not have been met.  The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. Because the amount-in-controversy requirement is jurisdictional, the Court must *sua sponte* raise the issue if there is any

doubt concerning subject-matter jurisdiction. *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998). Additionally, before granting a motion for default judgment, this Court "has the duty to assure that it has the power to enter a valid judgment," and must "look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. MN Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

Accordingly, on September 24, 2019, the Court, by minute entry, required the parties to file a jurisdictional memorandum no later than September 30, 2019, showing why this case does or does not meet the jurisdictional threshold amount of over $75,000. The parties were further requested to explain how the LUTPA applies in this factual situation.

On September 27, 2019, SDS filed its Jurisdictional Memorandum [Doc. No. 12], in which it argues that subject matter jurisdiction is proper in this Court, as a good faith claim for $23,475 under the LUTPA was pleaded and a reasonable attorneys' fees award of greater than $51,525 was anticipated through trial on the merits at the time suit was filed, thereby exceeding the "amount in controversy" threshold of $75,000.

The Court is not convinced that the LUTPA, and, therefore, its attorneys' fees provision, apply in this factual situation. The LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . .". La. R.S. § 51:1405(A). "Louisiana has left the determination of what is an 'unfair trade practice' largely to the courts to decide on a case-by-case basis." *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993); *see also Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d 1053, 1059 (La. 2010) ("It has been left to the courts to decide, on a case-by-case basis, what conduct falls within the statute's prohibition.") (citing *Dufau v. Creole Engineering, Inc.*, 465

So.2d 752, 758 (La. App. 5 Cir. 1985) (In order to recover under LUTPA a plaintiff must prove "some element of fraud, misrepresentation, deception, or other unethical conduct" on the part of the defendant.)). "The courts have repeatedly held that, under this statute, the plaintiff must show the alleged conduct 'offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious.' " *Cheramie*, 35 So.3d at 1059 (citations omitted).

"Only egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct will be sanctioned based on LUTPA." *Volentine v. Raeford Farms of Louisiana, LLC,* 50-698 (La. App. 2 Cir. 8/15/16), 201 So.3d 325, 353, writ denied, 2016-1924 (La. 12/16/16), 212 So.3d 1171, and writ denied, 2016-1925 (La. 12/16/16), 212 So.3d 1171.

The Louisiana Supreme Court has explained that, "the range of prohibited practices under LUTPA is extremely narrow." *Cheramie*, 35 So.3d at 1060. Further, the Fifth Circuit has held that "the statute does not provide an alternate remedy for simple breaches of contract. There is a great deal of daylight between a breach of contract claim and the egregious behavior the statute proscribes." *Turner*, 989 F.2d at 1422; s*ee also Innovative Sales, LLC v. Northwood Mfg., Inc.*, 07-30598, 2008 WL 3244114, at *6 (5th Cir. August 6, 2008) ("Innovative argues that the same actions taken by Northwood that support a breach of contract claim also support a LUTPA claim. This argument, however, is foreclosed by *Turner v. Purina Mills, Inc.*, wherein this court expressly acknowledged that LUTPA 'does not provide an alternate remedy for simple breaches of contract,' noting that '[t]here is a great deal of daylight between a breach of contract claim and the egregious behavior the statute proscribes.'").

Payment of a thing not due is an action based on quasi-contract. *See Garcia v. American Bank and Trust Co.*, 88-1810, 1988 WL 104825 at *2 (E.D. La. Oct. 5, 1988). Quasi-contracts

arise from lawful acts; however, as indicated by *Dufau*, above, in order to recover under LUTPA a plaintiff must prove some element of fraud, misrepresentation, deception, or other unethical conduct on the part of the defendant.)). *See Marine Design, Inc. v. Zigler Shipyards, a Div. of Leevac Corp.*, 791 F.2d 375, 377-78 (5th Cir. 1986) (holding quasi-contract claim did not lie where underlying action was unlawful); *see also Stewart v. Ruston, La. Hosp. Co.*, LLC, No. 3:14-0083, 2016 WL 1715192 (W.D. La. April 27, 2016)

In the present action, SDS has not alleged that Givens induced SDS to deposit the $23,475 into his bank account, through fraud, misrepresentation, or unethical conduct. SDS was solely at fault in mistakenly and inadvertently making the direct deposit. Rather, SDS has alleged mere conclusory allegations couched as factual allegations that Givens' "bad faith/unfair/unscrupulous failure to return the $23,475 sum to which he knows he has no right constitutes a LUTPA violation, which provides for the payment of attorneys' fees." [Doc. No. 12, p.5].

SDS cannot manufacture a LUTPA violation by simply adding the words "bad faith," "unfair," or "unscrupulous" to its breach of quasi-contract claim. *Id.*; s*ee Shaw Indus. v. Brett*, 884 F. Supp. 1054, 1058 (M.D. La. 1995) (finding that "the relationship between the parties and the nature of the disagreement . . . is more analogous to a breach of contract dispute than one involving unfair or deceptive acts.").

Because SDS's alleged LUTPA claim is more akin to a breach of contract claim than the sort of "egregious" behavior contemplated by the LUTPA, the Court finds that LUTPA is not applicable to this case. Therefore, even if the Court assumes arguendo that $51,525 would have been a reasonable estimate of attorney's fees were this matter to proceed to trial, there

5

nevertheless is no basis for awarding attorneys' fees. Therefore, there is no basis for finding an amount in controversy exceeding $75,000. Accordingly, the Court will issue a judgment dismissing this matter without prejudice, *sua sponte*, due to lack of subject matter jurisdiction. SDS's Motion for Default Judgment [Doc. No. 8] is, therefore, denied as moot.

Monroe, Louisiana, this 1st day of October, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE